

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00811-CV

**IN THE INTEREST OF D.L.R.**, Jr., D.L.W.R., and D.L.L.R., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-00016
Honorable Charles E. Montemayor, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 7, 2023

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellants Mother and Father appeal the trial court's order terminating their parental rights to their children D.L.R., Jr., D.L.W.R., and D.L.L.R. (collectively "the children").[1] In one issue, Father argues the evidence is legally and factually insufficient to support the trial court's finding that termination of his parental rights is in the children's best interests. Mother's court-appointed appellate counsel has filed a motion to withdraw and a brief in which he concludes there are no meritorious issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating *Anders* procedures protect indigent

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the children by their initials or as "the children." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). We affirm.

## BACKGROUND

The Department of Family and Protective Services ("the Department") became involved in the underlying case in October 2021, when the Department received a referral stating there was domestic violence and drug abuse in the home. The referral also indicated Mother had an untreated mental illness.

On January 6, 2022, the Department filed a petition seeking temporary managing conservatorship of the children and termination of Mother's and Father's parental rights. On November 8, 2022, the trial court held a bench trial. The trial court heard testimony from Alita Worden, the Department's caseworker; Mother; and Father.

On December 21, 2022, the trial court entered an order terminating Mother's and Father's parental rights to the children. Specifically, the trial court terminated Mother's parental rights based on statutory grounds (N), (O) and (P), and Father's parental rights based on statutory grounds (N) and (O), in subsection 161.001(b)(1) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P). The trial court also found it was in the children's best interests to terminate Mother's and Father's parental rights. *See id.* § 161.001(b)(2). Mother and Father appeal.

## STATUTORY REQUIREMENTS AND STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b). Clear and convincing evidence requires "proof that will

produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007.

When reviewing the sufficiency of the evidence, we apply well-established standards of review. *See id.* §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (conducting a factual sufficiency review); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (conducting a legal sufficiency review).

"In reviewing the legal sufficiency of the evidence to support the termination of parental rights, we must 'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.B.*, No. 04-17-00364-CV, 2017 WL 4942855, at *2 (Tex. App.—San Antonio Nov. 1, 2017, pet. denied) (mem. op.) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *J.F.C.*, 96 S.W.3d at 266. "A corollary to this requirement is that a [reviewing] court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

"In reviewing the factual sufficiency of the evidence to support the termination of parental rights, we 'must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.'" *J.L.B.*, 2017 WL 4942855, at *2 (quoting *J.F.C.*, 96 S.W.3d at 266). "A [reviewing court] should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266. "The [reviewing] court must hold the evidence to be factually insufficient if, in light of the entire record, the disputed evidence contrary to the judgment is so significant that a reasonable factfinder could not have resolved that disputed evidence in favor of the ultimate

finding." *In re M.T.C.*, No. 04-16-00548-CV, 2017 WL 603634, at *2 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.).

Further, in a bench trial, the trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 582 (Tex. App.—Austin 2012, no pet.). This is because "the trial judge is best able to observe and assess the witnesses' demeanor and credibility, and to sense the 'forces, powers, and influences' that may not be apparent from merely reading the record on appeal." *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.) (quoting *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). We, therefore, defer to the trial court's judgment regarding credibility determinations. *Coburn*, 433 S.W.3d at 823–24.

### FATHER'S APPEAL: BEST INTEREST

Father argues the evidence is legally and factually insufficient to support a finding that termination of his parental rights is in the children's best interests.

When considering the best interest of a child, we recognize the existence of a strong presumption that the child's best interest is served by preserving the parent-child relationship. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, we also presume that prompt and permanent placement of the child in a safe environment is in the child's best interest. TEX. FAM. CODE ANN. § 263.307(a).

In determining whether a parent is willing and able to provide the child with a safe environment, we consider the factors set forth in section 263.307(b) of the Texas Family Code.[2]

---

[2] These factors include:

> (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the department; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child [or] the

*See id.* § 263.307(b). We also consider the *Holley* factors.[3] *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These factors are not exhaustive. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "The absence of evidence about some of these considerations would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest, particularly if the evidence were undisputed that the parental relationship endangered the safety of the child." *Id.* In analyzing these factors, we must focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't of Protective & Regul. Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ).

Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.H.*, 89 S.W.3d at 28 (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet.

---

child's parents . . . ; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills . . . ; and (13) whether an adequate social support system . . . is available to the child.

TEX. FAM. CODE ANN. § 263.307(b).

[3] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *see also In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

*Desires of the Children, Plans for the Children, and Stability of the Home*

Alita Worden, the Department's caseworker, testified the children "are doing very well" in their current foster home. According to Worden, the children "are flourishing, they are having all of their needs met, they are attending school regularly," and are receiving all the medical and dental attention they need. Worden stated, the children have a loving and nurturing relationship with their foster parents. Worden continued:

> There are boundaries which the children understand and adhere to. And if they don't, then they have a family meeting and talk about the violation or what needs to be corrected and behaviors. The children are doing very well in the home and interacted well with the foster parents.

Worden testified the children desire to remain with their current foster family. According to Worden, the current foster parents are willing to adopt the children and the Department's permanency plan is for the children to be adopted by the foster family. In contrast, Worden testified the children were not attending school regularly before coming into the Department's care.

Based on these factors, the trial court could have reasonably formed a firm belief or conviction that termination of Father's parental rights was in the children's best interests. *See In re A.M.M.*, 04-19-00806-CV, 2020 WL 2139308, at *4 (Tex. App.—San Antonio May 6, 2020, pet. denied) (mem. op.) (indicating evidence the children are "thriving in the current placement" in a "stable and nurturing environment" supported the trial court's best-interest determination).

*Emotional and Physical Dangers, History of Substance Abuse, and Assaultive Conduct*

The trial court considers "whether there is a history of abusive or assaultive conduct" and "whether there is a history of substance abuse" by the children's family. *See* TEX. FAM. CODE ANN. § 263.307(b)(7), (8).

The trial court heard testimony that Mother has a protective order against Father because of past domestic violence. Father admitted he was arrested during the pendency of the underlying case due to violation of the protective order and he's "due to go to court with that." *See In re J.J.O.*, No. 04-18-00425-CV, 2018 WL 5621881, at *2 (Tex. App.—San Antonio Oct. 31, 2018, no pet.) (mem. op.) ("Criminal conduct, prior convictions, and incarceration affect[] a parent's life and his ability to parent, thereby subjecting his child to potential emotional and physical danger."). "As a general rule, conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child." *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.— Fort Worth 2004, pet. denied) (citing *In re S.D.*, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied)); *see also In re J.M.G.*, 608 S.W.3d 51, 57 (Tex. App.—San Antonio 2020, pet. denied) (internal quotation marks and alterations omitted) ("A parent's lengthy absence from a child's life during her early years due to incarceration creates an 'emotional vacuum' that threatens the child's emotional well-being and indicates that the parent-child relationship is not a proper one.").

Worden testified she was concerned Father may be engaging in illegal drug use. She stated her concern was based on two drug tests, one test taken in June 2022 and the other as recent as the month before trial. *See In re K.M.*, No. 04-08-00037-CV, 2008 WL 2923655, at *2 (Tex. App.— San Antonio July 30, 2008, pet. denied) (mem. op.) (holding a parent's illegal substance abuse "places her children in emotional and physical danger"); *see also In re A.N.*, No. 04-19-00584-CV, 2020 WL 354773, at *3 (Tex. App.—San Antonio Jan. 22, 2020, no pet.) (mem. op.) ("Illicit

drug use is relevant to multiple *Holley* factors, including the children's emotional and physical needs now and in the future, the emotional and physical danger to the children now and in the future, [the parent's] parental abilities, the stability of [the parent's] home, and the acts or omissions which may indicate an improper parent-child relationship."). To further support her concern, Worden testified:

> [Father's] eyes are often red when he attends [child] visits. He talks very fast. His hands are sometimes jerky or unsteady. And he gets argumentative sometimes.

Based on these factors, the trial court could have reasonably formed a firm belief or conviction that termination of Father's parental rights was in the children's best interests. *See J.J.O.*, 2018 WL 5621881, at *2 ("A parent's criminal activities and history are relevant to a best[-]interest analysis.").

*Parental Abilities, Emotional and Physical Needs and Dangers,*
*Frequency and Nature of Out-of-Home Placement*

"The need for permanence is the paramount consideration for the child's present and future physical and emotional needs." *Dupree*, 907 S.W.2d at 87. "This court considers a parent's conduct before and after the Department's removal of the children." *In re S.J.R.-Z.*, 537 S.W.3d 677, 693 (Tex. App.—San Antonio 2017, pet. denied). A child's young age renders her vulnerable if left in the custody of a parent who is unable or unwilling to protect her or attend to her needs. *Id.*

Worden testified that Father told her at the beginning of the case: "that this was [Mother's] case. That the [children] came into care because of [Mother] . . . and that there was nothing he could do about it." According to Worden, Father stated he knew "[w]hat was happening at [Mother's home], and that there were people coming in and out and staying in the bathroom a long time and he knew what they were doing, but did nothing to remove the children from the situation."

Worden continued:

> I also believe that [Father's] not able to meet their physical needs. He hasn't shown an ability to do that. He hasn't secured a placement for them to live that he's provided to [t]he Department.
>
> He has not met their emotional needs. He has put them in harm's way, in danger, when he . . . reported to me that he knew that activities were going on in [Mother's] home and did not do anything to create a barrier or protect the children . . . ."

As mentioned above, the children were also not attending school regularly before they came into the Department's care. Worden stated Father "hasn't addressed their attendance and continued educational needs" and "hasn't shown a material change in behavior throughout the entirety of this case."

Worden testified that all three children have ADHD and a difficult time learning. Worden confirmed the foster home is properly addressing these developmental delays and learning impairments. *See S.D.*, 980 S.W.2d at 764 (holding it was in the children's best interests to place them "in a stable environment where they can receive proper care for their special needs").

Finally, the trial court heard evidence that this is the second legal case brought against the parents involving these children. *See* TEX. FAM. CODE ANN. § 263.307(b)(2) (providing a trial court considers the frequency and nature of out-of-home placements when determining a child's best interest); *see also In re G.C.D.*, No. 04-14-00769-CV, 2015 WL 1938435, at *8, 10 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) (mem. op.) (considering the Department's past involvement in its best-interest analysis).

Based on these factors, the trial court could have reasonably formed a firm belief or conviction that termination of Father's parental rights was in the children's best interests.

*Programs, Acts or Omissions, Excuses for Acts or Omissions, Willingness to Effect Positive Change*

Worden testified Father was required to attend and complete parenting classes, counseling, a psychological assessment, a drug treatment program, and a domestic violence program. Father was also required to take and pass random drug tests, attend visits with the children, maintain stable housing and employment, and avoid criminal activity. Worden stated she reviewed Father's service plan with him, Father signed the plan, and she set up services for Father at the beginning of the case.

The trial court heard testimony that Father has been able to maintain financial stability. However, Worden testified Father only completed his psychological assessment. According to Worden, Father only attended ten out of the twenty visitations with his children. As mentioned above, Father was arrested during the pendency of the underlying case for violation of a protective order. Father admitted he has not completed any of his other services stating he was not able to take time off from work to complete the services. Worden conceded that Father claimed his work precluded him from completing his services; however, Worden also stated Father did not engage in evening courses or virtual services that were available to Father outside of his work schedule. Worden further testified Father was out of work for a month where he did not engage in services, and only recently attempted to schedule counseling sessions.

While Father testified that his virtual services changed to in-person services and Worden did not communicate well with him regarding visitation, he also admitted on cross-examination that he was not actually going to his services at the time of trial. Moreover, the trial court was best suited to weigh Worden's testimony against Father's testimony and assess the credibility of the witnesses. *See HealthTronics, Inc.*, 382 S.W.3d at 582 (holding, in a bench trial, the trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony).

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Father's parental rights is in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *H.R.M.*, 209 S.W.3d at 108; *J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment). Accordingly, we hold the evidence is legally and factually sufficient to support the trial court's best-interest findings.

Father's sole issue is overruled.

## MOTHER'S APPEAL: *ANDERS* BRIEF FILED

Mother's court-appointed appellate attorney filed a brief in which he concluded there are no meritorious issues to be raised on appeal. *See Anders*, 386 U.S. at 738; *P.M.*, 520 S.W.3d at 27 n.10 (stating *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified he sent Mother a copy of the brief and a letter advising Mother of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Mother to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Mother did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence the grounds for termination and that termination is in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination

order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 107.016(2); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *See P.M.*, 520 S.W.3d at 27–28, 28 n.14.

## CONCLUSION

We affirm the trial court's order terminating Mother's and Father's parental rights to the children.

Irene Rios, Justice